IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CLARENCE JOSEPH HAYES,

        Petitioner,                No. CIV S-06-1300 FCD EFB P

    vs.

DERRICK OLLISON, Warden,

        Respondents.        <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

    Petitioner is a state prisoner without counsel seeking a writ of habeas corpus. *See* 28 U.S.C. § 2254. Respondent moves to dismiss upon the grounds that petitioner failed to exhaust available state remedies and the abstention doctrine. *Younger v. Harris*, 401 U.S. 37 (1971). For the reasons explained below, the court finds that petitioner has not exhausted available state remedies with respect to the claims in his federal petition and, therefore, this action must be dismissed.

**I.**

**PROCEDURAL HISTORY**

    Petitioner is in the custody of the California Department of Corrections based on a March 30, 1999, conviction of violating sections 459, 288a(c), 211, 289(a), 261(a)(2) of the California Penal Code. Petition at 2. The trial court enhanced petitioner's sentence based on allegations

that petitioner previously had been convicted of violent felonies.  *See* Cal. Pen. Code § 667.61(d)(4), (e)(6).  Petitioner appealed the judgment, alleging that the trial court erred as follows: (1) by finding that petitioner's conviction of burglary in Nevada could be used to enhance his sentence; (2) by permitting the prosecutor to amend the information to add a previously undiscovered conviction of a violent felony after the jury was discharged; (3) by imposing consecutive sentences for the burglary and sexual assault counts; (4) by imposing restitution in an amount to be determined by the Office of Revenue Recovery; (5) by imposing a statutory restitution requirement in an amount that petitioner cannot pay; (6) by admitting evidence at trial of a prior rape petitioner committed; (7) by failing to give a limiting instruction with respect to evidence of the prior rape; (8) by failing to instruct the jury that to consider the prior rape, they must find by a preponderance of the evidence that it was committed; (9) by failing to instruct the jurors that they must agree unanimously on the facts in order to find as true petitioner's prior burglary convictions; (10) by  instructing the jury that a victim's request that an alleged rape perpetrator use a condom does not, by itself, constitute consent; (11) by creating an improper mandatory presumption when it instructed the jury on burglary using CALJIC No. 14.59; (12) by reading the information to the jury at the beginning of trial.  Lodged Doc. 1.  On July 1, 2002, the appellate court affirmed the convictions, stayed the sentence on the burglary conviction and remanded to the trial court with directions to re-try the allegation that petitioner's Nevada burglary conviction constitutes a prior violent felony conviction that could be used to enhance petitioner's sentence.  Lodged Doc. 1 at 33.

On July 30, 2002, petitioner filed a petition for review in the California Supreme Court. Lodged Doc. 2.  He sought review of the appellate court's disposition of claim 2 (as listed above) and its decision to permit retrial of the Nevada burglary enhancement.  Lodged Doc. 2. He also claimed that his sentence was excessive under the Eighth Amendment and under the California Constitution.  Lodged Doc. 2.  On September 19, 2002, the petition for review was granted but consideration of the issues was deferred pending the outcome in a different case in

1  which the court was to consider an issue related to petitioner's case.  Lodged Doc. 3.  On April

2  5, 2004, after the California Supreme Court decided the other case, it dismissed the review

3  granted in petitioner's case.  Lodged Doc. 4.

4      On October 15, 2004, the trial court re-tried the sentencing issue as directed by the

5  appellate court and resentenced petitioner to 25 years to life on the second count of which

6  petitioner had been convicted, and a consecutive 77 years in prison on the remaining counts.

7  Lodged Doc. 5, at 38-41.  Petitioner immediately appealed.  That appeal is still pending.

8      On June 13, 2006, petitioner filed a petition for a writ of habeas corpus in this court.  In

9  it, he alleges the following: (1)  there was insufficient evidence to find that his 1998 rape

10  conviction was a prior violent felony that could be used to enhance his sentence; and (2) counsel

11  was ineffective by failing to object to using the 1998 rape conviction to enhance his sentence.

12  ## II.

13  ## THE EXHAUSTION REQUIREMENT

14      A district court may not grant a petition for a writ of habeas corpus unless "the applicant

15  has exhausted the remedies available in the courts of the State," or unless there is no State

16  corrective process or "circumstances exist that render such process ineffective to protect the

17  rights of the applicant."  28 U.S.C. § 2254(b)(1).  A petitioner satisfies the exhaustion

18  requirement by presenting the "substance of his federal habeas corpus claim" to the state courts.

19  *Picard v. Connor*, 404 U.S. 270, 278 (1971) (no exhaustion where the petitioner presented

20  operative facts but not legal theory to state courts); *see also Duncan v. Henry*, 513 U.S. 364, 365

21  (1995)(to exhaust a claim, a state court "must surely be alerted to the fact that the prisoners are

22  asserting claims under the United States Constitution").  A claim is unexhausted if any state

23  remedy is available.  *See O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999) (petitioner must seek

24  discretionary review from state court of last resort); *Roberts v. Arave*, 874 F.2d 528, 529 (9th

25  Cir. 1988)(no exhaustion where state supreme court referred petitioner's appeal of trial court's

26  denial of post-conviction relief to lower appellate court and petitioner failed to appeal lower

court's disposition of that appeal to state supreme court). A federal court must dismiss without prejudice a habeas action in which the petition contains only unexhausted claims. *Picard*, 404 U.S. at 278.

**A. Analysis**

For a California prisoner to exhaust, he must present his claims to the California Supreme Court on appeal in a petition for review or in post-conviction in a petition for a writ of habeas corpus. *See Carey v. Saffold*, 536 U.S. 223, 2139-40 (2002) (describing California's habeas corpus procedure); *Gatlin v. Madding*, 189 F.3d 882, 888 (9th Cir. 1999) (to exhaust, prisoner must present claims on appeal to California Supreme Court in a petition for review).  Petitioner did not present the claims in his federal petition to the California Supreme Court in his petition for review.  He has not shown that he presented them to that court in a habeas petition, either. Therefore, the claims plainly are unexhausted and the petition must be dismissed without prejudice.  The court need not consider the abstention doctrine because petitioner's failure to exhaust is clear and dispositive.

Accordingly, it is hereby RECOMMENDED that respondent's August 10, 2006, motion to dismiss be granted and that this action be dismissed without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated:  January 17, 2007.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE